UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KATIE BONNETTE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 20-30046-MGM |
| | ) | |
| JMAC DISTRIBUTION, LLC dba | ) | |
| JMAC RECOVERY, | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF KATIE BONNETTE'S MOTION
FOR DEFAULT JUDGMENT
(Dkt. No. 11)

Now before the court is plaintiff Katie Bonnette's ("Plaintiff") Motion for Default

Judgment ("Default Motion") as to the defendant, JMAC Distribution, LLC, d/b/a/ JMAC

Recovery ("Defendant").  The motion was referred to me for a report and recommendation by

presiding District Judge Mark G. Mastroianni (Dkt. No. 12).  See 28 U.S.C. § 636(b)(1)(B).  The

court held a hearing on Plaintiff's Default Motion on July 13, 2021 and requested that Plaintiff

file a proposed order for signature by the presiding District Judge.  Defendant did not appear at

the hearing.  Having heard from Plaintiff's counsel and reviewed Plaintiff's proposed  order, a

copy of which is attached hereto as Exhibit 1, I recommend Plaintiff's Default Motion be granted

and that judgment enter for Plaintiff in the principal amount of $680.00, trebled pursuant to

Mass. Gen. Laws ch. 93A ("Chapter 93A") to $2,040.00; statutory damages of $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); costs of $494.33; attorney's fees of $3,540.00 pursuant

to 15 U.S.C. § 1692k(3) and Chapter 93A; and prejudgment interest on the actual damages at a

rate of 12%, see Mass. Gen. Laws ch. 235, § 8, from November 29, 2019 to July 13, 2021 in the

amount of $134.68 for a total judgment of $7,209.01, with postjudgment interest as provided by

law.

1

II.   RELEVANT BACKGROUND

On or around February 28, 2019, Plaintiff purchased a motor vehicle financed through the Athol Credit Union ("ACU") (Compl. ¶ 9).  By October 24, 2019, Plaintiff was in default on her payments for the motor vehicle (Compl. ¶ 10).  Defendant is in the repossession business (Compl. ¶ 2).  Plaintiff's residential lease included the lease of a space for a single vehicle in a parking garage across the street from her apartment (Compl. ¶ 13).  On November 24, 2019, Plaintiff's vehicle was parked in her leased parking space.  Around 6:30 p.m., a representative of Defendant knocked on Plaintiff's door and asked if she would like to retrieve belongings from her motor vehicle before he removed it.  Plaintiff's vehicle was already hooked up for towing. After Plaintiff removed her belongings, Defendant's representative towed Plaintiff's car (Compl. ¶¶ 15-16).  After negotiating an agreement with the ACU, Plaintiff retrieved the vehicle from Defendant after paying a $680.00 redemption fee (Compl. ¶¶ 17-18).  Plaintiff did not consent to Defendant's trespass on property she controlled before Defendant entered her parking space and hooked her motor vehicle up to its tow truck (Compl. ¶ 23).

III.   DISCUSSION

a.   Standard of Review

A court should accept as true the well-pleaded factual allegations in the complaint when considering a motion for entry of default judgment.  The court, however, "need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Virgin Records Am., Inc. v. Bagan*, Civ. No. 08-4694 (WHW), 2009 WL 2170153, at *2 (D.N.J. July 21, 2009) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).  A court is required to conduct its own inquiry to ascertain the amount of damages with reasonable

certainty.  *See id.* (quoting *Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs.*, No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007)).

    b.  <u>Damages</u>

    The evidence of the relatively modest damages in this case comes from the complaint and the affidavit of counsel concerning attorneys' fees.  Under Massachusetts law, a non-judicial repossession of a vehicle is not permitted without the debtor's prior consent if the repossession requires trespass onto property owned or controlled by the debtor, as was true in this case as to Plaintiff's leased parking space.  Plaintiff's allegations, as set forth above, therefore establish a violation of Massachusetts law.  Plaintiff plausibly alleges that she paid $680.00 to retrieve her car after Defendant repossessed it in violation of state and federal law.  The trebling of actual damages – limited to the $680.00 Plaintiff paid Defendant to retrieve her vehicle – is based on the First Circuit's holding that a violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") is a per se Chapter 93A violation.  *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 775 F.3d 109, 122-23 (1st Cir. 2014).

    The FDCPA provides for a $1,000 statutory award of damages for a violation of its provisions.  *See* 15 U.S.C. § 1692k(a)(2)(A).  Plaintiff argues that seizure of her vehicle was also a violation of the FDCPA, which prohibits a non-judicial seizure of property without a then-existing enforceable security interest.  *See* 15 U.S.C. § 1692f(6).  There is some authority for the proposition that repossession of an automobile in violation of state law states a claim for a violation of the FDCPA, *see Gerbasi v. NU Era Towing & Serv., Inc.*, 443 F. Supp. 3d 411, 413-14 (W.D.N.Y. 2020) (holding that the plaintiff adequately alleged a violation of the FDCPA when she alleged that the defendant towing company violated state law by committing a breach of the peace when it repossessed her vehicle).  Where Defendant has not appeared and contested

the legal sufficiency of Plaintiff's allegations, I find that the complaint adequately states a violation of the FDCPA, entitling Plaintiff to an award of statutory damages.  Finally, pursuant to Chapter 93A, a "prevailing party is entitled to recover 'reasonable attorneys' fees and costs incurred' in connection with its action."  *RFF Family P'ship, LP v. Link Dev., LLC*, Civil Action No. 14-10065-NMG, 2015 WL 1472253, at *2 (D. Mass. Mar. 31, 2015).  Counsel's affidavit and the attached invoices support the hourly rates charged and show time productively spent (Dkt. No. 11-2).  After reviewing the invoices, the court sees no reason to adjust the fee request documented in the billing records submitted on behalf of Plaintiff.  Accordingly, I recommend that the default judgment entered in this case include an award of attorneys' fees in the amount of $3,540.00 along with costs in the amount of $494.33.  Finally, Plaintiff is entitled to prejudgment interest at the rate of 12% from November 29, 2019 to July 13, 2021 on her actual damages for an amount of $134.68.

   III.   CONCLUSION

   Based on the foregoing, I recommend that judgment enter in Plaintiff's favor in the total amount of $7,209.01.  A proposed form of judgment for the signature of the presiding District Judge is attached hereto as Exhibit 1.[1]

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Dated: August 3, 2021                    /s/ Katherine A. Robertson
                                         KATHERINE A. ROBERTSON
                                         UNITED STATES MAGISTRATE JUDGE